REQUESTED BY: Forrest D. Chapman, Director, State Department of Personnel.
Must the State Personnel Board provide `reasonable advance publicized notice' under Neb.Rev.Stat. § 84-1411(1) (Supp. 1983) of employee grievance appeal hearings conducted by designated hearing officers on days other than regular Board meeting days?
No, the proceedings before the hearing officer are judicial in nature and the hearing officer only recommends action to the Board.
The provisions of the Nebraska Public Meetings Law are contained in Neb.Rev.Stat. §§ 84-1408 to 84-1414 (Reissue 1981 and Supp. 1983). Neb.Rev.Stat. § 84-1411(1) (Supp. 1983) provides, in pertinent part: `Each public body shall give reasonable advance publicized notice of the time and place of each meeting by a method designated by each public body and recorded in its minutes.' To answer your question as to whether the publicized notice requirement of 84-1411(1) is applicable to employee grievance appeals conducted before hearing officers designated by the State Personnel Board, it is necessary to determine whether these types of proceedings constitute a `meeting' of a `public body' within the meaning of the Nebraska public meetings statute.
Neb.Rev.Stat. § 84-1409(1) defines the term `public body' as follows:
 Public body shall mean (a) governing bodies of all political subdivisions of the State of Nebraska, (b) governing bodies of all agencies, now or hereafter created by Constitution, statute, or otherwise pursuant to law, of the executive department of the State of Nebraska,
. . .
 Sections 79-327, 84-1408 to 84-1414, and 85-104
shall not apply to subcommittees of such bodies unless such subcommittees are holding hearings, making policy, or taking formal action on behalf of their parent body nor shall such sections apply to judicial proceedings, unless a court or other judicial body is exercising rulemaking authority, deliberating, or deciding upon the issuance of administrative orders. (Emphasis added).
Neb.Rev.Stat. § 84-1409(2) defines the term `meeting' as follows:
 Meeting shall mean all regular, special, or called meetings, formal or informal, of any public body for the purposes of briefing, discussion of public business, formation of tentative policy, or the taking of any action of the public body. (Emphasis added).
In previous opinions, this office has taken the position that, while the Nebraska public meetings statute applies to legislative or rulemaking functions of public bodies, it does not generally reach proceedings which are judicial in nature. See Attorney General Opinion No. 184, January 31, 1984; Attorney General Opinion No. 105, July 14, 1975. Section 84-1409(1) specifically excludes judicial proceedings from coverage of the public meetings statute `unless a court or other judicial body is exercising rulemaking authority, deliberating, or deciding upon the issuance of administrative orders.'
In addressing the question of what types of activities are within the coverage of public meetings statutes, 73 C.J.S. Public Administrative Law and Procedure § 19, p. 387 (1983) states that `open meeting requirements are not applicable to groups whose purpose is that of collecting information, making recommendations, and rendering advice, but which do not make governmental decisions.' In employee grievance appeal proceedings before a hearing officer designated by the Board, the functions of the hearing officer are limited to gathering evidence and taking the testimony of witnesses. These activities are adjudicatory in nature. While the hearing officer recommends a decision to the Board, the final official decision rests in the hands of the Board.Rules and Regulations of the Department of Personnel, Chapter 17, Employee Grievances and Complaints, § 008.03, Jan. 1, 1984. The hearing officer, who is not a member of the State Personnel Board, is vested with no rule-making or decision-making authority as described in § 84-1409(1).
While the Nebraska Supreme Court has not dealt specifically with the applicability of the public meetings statute to proceedings before hearing officers, a California Court of Appeals addressed a similar issue in Wilson v. SanFrancisco Municipal Railway, 29 Cal.App.3d 870, 104 Cal. Rptr. 855 (1973). In Wilson, the court held that a hearing officer appointed to hear an employee grievance was not a `legislative body' within the definition of the applicable open meetings statute. In reaching this conclusion, the court stated the word `body' is commonly understood to refer to `a group or number of persons', and thus did not include a hearing officer `who acts along in conducting the hearing and reporting its result.' 29 Cal.App.3d at ___, 105 Cal. Rptr. at 861. In addition, the court held the hearing involved was not a `meeting' within the meaning of the statute. The court stated the conventional definition of the word `meeting' refers to `an assemblage of several persons', and thus did not include a hearing before an individual hearing officer. 29 Cal.App.3d at ___,105 Cal.Rptr. at 862-63.
Based on the foregoing analysis, we are of the opinion that an employee grievance appeal hearing conducted before a hearing officer designated by the Board is not a `meeting' of a `public body' as defined by the Nebraska public meetings statute, and therefore the publicized notice requirement of § 84-1411(1) is not applicable to such proceedings.
Very truly yours,
PAUL L. DOUGLAS Attorney General
L. Jay Bartel Assistant Attorney General
APPROVED:
Paul L. Douglas Attorney General